UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00144-MOC-DSC

| | |
|---|---|
| **ASIA CLARK,** )<br> )<br>Plaintiff, )<br> )<br>Vs. )<br> )<br>**RCI HOSPITALITY HOLDINGS, INC., TOP** )<br>**SHELF ENTERTAINMENT, LLC, d/b/a CLUB** )<br>**ONYX,** )<br> )<br>Defendants. ) | **ORDER** |

**THIS MATTER** is before the court on the following Motions, all of which have been fully briefed and are ripe for review: 1) Defendant's Motion to Dismiss the Complaint (#7); 2) Plaintiff's Motion to File an Amended Complaint (#10); and 3) Defendant's Alternative Motion to Compel Arbitration (#14). Plaintiff filed the original Complaint in this action pro se on March 24, 2016. After Defendants filed their Motion to Dismiss on May 3, 2016, counsel for Plaintiff made an appearance in this case, and filed the Motion to Amend on June 3, 2016.

***

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course within twenty-one days of service. Fed. R. Civ. P. 15(a)(1)(A). After twenty-one days have expired, a party may only amend a pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15 states that the Court should "freely give leave when justice so requires." Id. The Fourth Circuit has interpreted Rule 15(a) "to provide that leave to amend a pleading should be denied only when the amendment would be

-1-

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation and citation omitted). Having considered the matter, the court finds that Defendants would face no prejudice in the event that an amended complaint be allowed, that there has been no bad faith on Plaintiff's part, and that the amendment would not be futile. While Defendants argue that Plaintiff has not adequately alleged through her Proposed Amended Complaint (#10-1) that she is an employee and that any amendment to her Title VII claim would be futile, the plain language of the Proposed Amended Complaint shows otherwise. See Proposed Amended Complaint (#10-1) at ¶¶3, 5, 44, 53) (alleging employer-employee relationship pursuant to Title VII). Such allegations are highly relevant given the Fourth Circuit's recent decision in McFeeley v. Jackson St. Entm't, LLC, No. 15-1583, 2016 WL 3191896 (4th Cir. June 8, 2016), which held, inter alia, that the exotic dancer plaintiffs were employees, not independent contractors, of the defendant dance clubs for the purposes of the Fair Labor Standards Act ("FLSA"). The court notes that many appellate courts, including the Fourth Circuit, "look[] to Title VII cases in interpreting the FLSA." Darveau v. Detecon, Inc., 515 F.3d 334, 342 (4th Cir. 2008). See also id. (noting that "[t]he FLSA and Title VII contain identical general definitions of 'employee.'"). Finding that justice does indeed require allowing Plaintiff to amend her complaint, the court will **GRANT** Plaintiff's Motion to Amend (#10) and will deem her Proposed Amended Complaint (#10-1) timely filed.

\*\*\*

Turning now to Defendant's Motion to Dismiss, it is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are

to be denied as moot. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'") (citing Crysen/Montenay Energy Co. v. Shell Oil Co. 226 F.3d 160, 162 (2d Cir. 2000)); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002); 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2015) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading."). As the court has allowed Plaintiff to file her Amended Complaint, the court will **DENY** Defendant's Motion to Dismiss (#7) as moot.

Finally, turning to Defendant's Alternative Motion to Compel Arbitration and Dismiss or Stay this Action (#14), the court will **DENY** the motion without prejudice, subject to reassertion by Defendant upon a renewed motion to dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Amend (#10) is **GRANTED**, and the Proposed Amended Complaint (#10-1) is hereby deemed timely filed.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#7) is **DENIED as moot**, and Defendant's Alternative Motion to Compel Arbitration and Dismiss or Stay this Action (#14) is **DENIED without prejudice.**

Signed: July 22, 2016

Max O. Cogburn Jr
United States District Judge